# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1.) William Calderon,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>2.) Conn Appliances, Inc.;,<br><br>　　　　　　Defendant. | Civil Action No.: 14-cv-467-JHP-FHM<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

For this Complaint, the Plaintiff, William Calderon, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq*. (the "TCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiff, William Calderon ("Plaintiff"), is an adult individual residing in Afton, Oklahoma, and is a "person" as defined by 47 U.S.C.A. § 153(39).

5. Defendant Conn Appliances, Inc. ("Conn"), is a Texas business entity with an address of 4055 Technology Forest Boulevard, Suite 210, The Woodlands, Texas 77381-2008, and is a "person" as defined by 47 U.S.C.A. § 153(39).

## FACTS

6.      Within the last year, Conn began calling Plaintiff's cellular telephone, number 501-XXX-2058, using an automated telephone dialing system ("ATDS") and/or by using an artificial or prerecorded voice.

7.      The calls were placed from, or had a caller identification designation of, 409-293-3123, 409-761-5430, 800-511-5750, 409-761-5431, 469-342-0290, 409-291-5864, 409-291-7003, 409-291-5135, 409-291-5067, 409-291-5137, 409-291-8588, 409-291-8803, 409-291-3557, 409-291-5136, 409-242-6994, 409-242-6998, 409-291-5006, 409-291-5844, and 409-291-5870.

8.      When Plaintiff answered calls from Conn he heard a prerecorded message instructing Plaintiff to call Conn back immediately.

9.      In March of 2014, Plaintiff called Conn back and instructed it to cease calling his cellular phone with the prerecorded messages.

10.     Nevertheless, Conn continued to call Plaintiff's cellular telephone knowing that they no longer had consent to do so.

## COUNT I

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

11.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12.     At all times mentioned herein and within the last four years, Defendant called Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS") and/or by using a prerecorded or artificial voice.

13. Upon information and belief, Defendant's Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator or to dial from a database or list of numbers.

14. Despite Plaintiff directing Defendant to cease all calls to his cellular telephone, Defendant continued to place automatic telephone calls to Plaintiff's cellular telephone knowing that it lacked consent to call his number. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

15. The telephone number called by Defendant was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

16. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

17. As a result of each call made in negligent violation of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

18. As a result of each call made in knowing and/or willful violation of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing

pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

Dated: August 8, 2014

                                      Respectfully submitted,

                                      By  */s/ Sergei Lemberg*

Sergei Lemberg, Esq.
LEMBERG LAW L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
E-Mail: slemberg@lemberglaw.com
Attorneys for Plaintiff